1   Robert D. Phillips, Jr. (SBN 82639)
    Email: rphillips@reedsmith.com
2   Joy L. Durand (SBN 245413)
    Email: jdurand@reedsmith.com
3   REED SMITH LLP
    Two Embarcadero Center, Suite 2000
4   San Francisco, CA 94111-3922

5   **Mailing Address:**
    P.O. Box 7936
6   San Francisco, CA 94120-7936

7   Telephone:   415 543 8700
    Facsimile:   415 391 8269
8

9   Linda B. Oliver (SBN 166720)
    Email: loliver@reedsmith.com
10  REED SMITH LLP
    1999 Harrison Street, Suite 2400
    Oakland, CA 94612-3572
11

12  Mailing Address:
    P.O. Box 2084
13  Oakland, CA 94604-2084

14  Telephone:   510 763 2000
    Facsimile:   510 273 8832
15

16  Attorneys for Defendant
    Ohio National Life Assurance Corporation

CV 08     3379

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY F. MADSEN, DDS, | No.: |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | |
| OHIO NATIONAL LIFE ASSURANCE CORPORATION, and DOES 1 through 10, inclusive, | |
| Defendants. | |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

CRB

NOTICE OF REMOVAL

DOCSOAK-9911902.1-LOLIVER 7/14/08 9:22 AM

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

2  DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

3      PLEASE TAKE NOTICE that defendant Ohio National Life Assurance Corporation ("Ohio

4  National"), hereby removes the above-entitled civil action from the Superior Court of the State of

5  California, County of San Francisco, where it is now pending as Case No. CGC-08-476185, to the

6  United States District Court for the Northern District of California pursuant to 28 U.S.C. Sections

7  1332, 1441 and 1446 and alleges as follows:

8      1.     Plaintiff Larry F. Madsen ("plaintiff") filed the Complaint in this action in the

9  Superior Court of the State of California, County of San Francisco, on or about June 10, 2008.  The

10  County of San Francisco is within this judicial district.

11     2.     This action involves a disability income policy and a business overhead income

12  policy ("the Policies") issued by Ohio National to Larry F. Madsen.  (Complaint at ¶¶ 5, 6).  Plaintiff

13  made claims to Ohio National under the Policies.  Plaintiff now brings this action, asserting causes

14  of action for breach of contract and breach of duty of implied covenant of good faith and fair

15  dealing.

16     3.     Ohio National was served with the summons and complaint on or about June 20,

17  2008.  Accordingly, thirty days since the date of service have not expired.  The complaint was the

18  first pleading, notice, order or other paper from which it could be ascertained that this action is

19  removable.  True and correct copies of all documents served on defendant are attached hereto as

20  Exhibit A.

21     4.     This action is within the original jurisdiction of this Court based on diversity of

22  citizenship and amount in controversy pursuant to 28 U.S.C. Sections 1332 and 1441.

23     5.     The subject matter of the pending action exceeds the sum or value of $75,000.00 in

24  that plaintiff alleges that he continues to be totally disabled and is entitled to payment of benefits

25  under the disability policy of $4,000.00 per month and benefits under the business overhead expense

26  policy of $5,000.00 per month.  (Complaint at ¶¶ 5, 6).  Plaintiff also alleges bad faith tort damages

27  and exemplary damages as well as general damages, emotional distress damages, attorneys' fees,

28  and costs of suit.

DOCSOAK-9911902.1-LOLIVER 7/14/08 9:22 AM

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

6.      Plaintiff is a citizen and resident of the County of San Francisco, State of California. (Complaint at ¶ 1).

7.      Ohio National is and at all relevant times was, a corporation duly organized and existing under the laws of the State of Ohio with its principal place of business located in the State of Ohio. (Complaint at ¶ 2).

8.      Ohio National is informed and believes that DOES 1 through 10 are defendants sued under fictitious names and have not as yet been served.  For purposes of this Notice of Removal, the citizenship of such fictitiously-named defendants must be disregarded pursuant to 28 U.S.C. Section 1441(a).

9.      A Notice of Removal to Federal Court is concurrently being filed with the Superior Court for the State of California, County of Los San Francisco, and being served on plaintiff.


DATED:  July 14, 2008.


REED SMITH LLP


By *Linda Oliver*

Linda B. Oliver
Attorneys for Defendant
Ohio National Life Assurance Corporation

DOCSOAK-9911902.1-LOLIVER 7/14/08 9:22 AM

NOTICE OF REMOVAL

# Exhibit A

Jun. 9. 2008  3:02PM   Donahue&Horrow                                    No. 353?  P. 5



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Ohio National Life Assurance Corporation, and DOES 1 through 10,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
~~Larry Madsen DDS~~ UM

LARRY F. MADSEN DDS   UM

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court for the County of San Francisco<br>400 McAllister Street<br>San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):* CGC-08-476 185 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael B. Horrow DONAHUE AND HORROW LLP
222 North Sepulveda Blvd. 20th Floor El Segundo, CA 90245 (310) 335-2006

| DATE:<br>*(Fecha)* JUN 1 0 2008 | Gordon Park-Li | Clerk, by | P. NATT | , Deputy |
|---|---|---|---|---|
| | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):* Ohio National Life Assurance Corporation

   under: ☑ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.   www.USCourtForms.com |
|---|---|---|

Jun. 9. 2008  3:02PM  Donahue&Horrow                                  No. 3533  P. 4

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael B. Horrow #162917<br>DONAHUE AND HORROW LLP<br>222 North Sepulveda Blvd. 20th Floor El Segundo, CA 90245 | **ENDORSED**<br>**F I L E D**<br>*San Francisco County Superior Court* |
| TELEPHONE NO.: 310-335-2006        FAX NO.: 310-335-2001 | |
| ATTORNEY FOR *(Name):* Larry Madsen DDS | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco | JUN 1 0 2008 |
| STREET ADDRESS: 400 McAllister Street | GORDON PARK-LI, Clerk |
| MAILING ADDRESS: 400 McAllister Street | PARAM NATT |
| CITY AND ZIP CODE: San Francisco, CA 94102 | BY: _____ Deputy Clerk |
| BRANCH NAME: Central | |

FILE BY FAX

| CASE NAME:<br>Madsen v. Ohio National et al. | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000)   ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-08-476185 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☑ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☑ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 9, 2008

Michael B. Horrow
_____     _____
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

CASE NUMBER: CGC-08-476185  LARRY F MADSEN DDS VS. OHIO NATIONAL LIFE ASSUR

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

| | |
|---|---|
| **DATE:** | **NOV-07-2008** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

COPY



ENDORSED
**F I L E D**
San Francisco County Superior Court

JUN 1 0 2008

**GORDON PARK-LI**, Clerk
PARAM NATT
Deputy Clerk

1   MICHAEL B. HORROW #162917
    DONAHUE & HORROW LLP
2   222 North Sepulveda Blvd.
    20th Floor
3   El Segundo, California 90245
    Telephone: (310) 335-2006
4   Fax: (310) 335-2001
    Email: mhorrow@donahuehorrow.com
5

CASE MANAGEMENT CONFERENCE SET:

6   Attorneys for Plaintiff
7   LARRY F. MADSEN, DDS

NOV – 7 2008 –9⁰⁰AM

DEPARTMENT 212

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   FOR THE COUNTY OF SAN FRANCISCO

11   LARRY F. MADSEN, DDS,              Case No.:  CGC-08-476185

12                 Plaintiff,            COMPLAINT AND JURY DEMAND.

13

14         vs.                          1. Breach of the Duty of Good Faith and Fair
                                            Dealing
15   OHIO NATIONAL LIFE ASSURANCE       2. Breach of Contract
     CORPORATION, and DOES 1 through 10,
16   inclusive,
                                                **FILE BY FAX**
17                 Defendants.

18

19                      **GENERAL ALLEGATIONS**

20        1.     Plaintiff, LARRY F. MADSEN, DDS ("DR. MADSEN") is a resident and citizen

21   of San Francisco, California.

22        2.     Defendant, OHIO NATIONAL LIFE ASSURANCE CORPORATION ("OHIO

23   NATIONAL"), is, and at all relevant times was, a corporation organized and existing by virtue of

24   the laws of the State of Ohio, authorized to transact and transacting the business of insurance in

25   the State of California.

26        3.     That the true names and capacities, whether individual, corporate, associate, or

27   otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore

28   sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore

Donahue & Horrow LLP

- 1 -
COMPLAINT AND JURY DEMAND

1   alleges that each of Defendants designated herein as a Doe is legally responsible in some manner

2   for the events and happenings referred to herein and legally caused injury and damages

3   proximately thereby to Plaintiff as herein alleged.  Plaintiff will seek leave of this Court to

4   amend this Complaint to insert their true names and capacities in place and instead of the

5   fictitious names when the same become known to Plaintiff.

6        4.    Defendants' conduct described herein was undertaken by the corporate

7   defendant's officers or managing agents, identified herein as DOES 1 through 10, inclusive, who

8   were responsible for advertising, underwriting, claims operations, communications and/or

9   decisions.  The aforementioned conduct of said managing agents and individuals was therefore

10  taken on behalf of the corporate defendants.  Said corporate defendants had advance knowledge

11  of the actions and conduct of said individuals whose actions and conduct were ratified,

12  authorized, and approved by managing agents and by other corporate officers, directors or

13  managing agents whose precise identities are unknown to Plaintiff at this time and are therefore

14  identified and designated herein as DOES 1 through 10, inclusive.

15       5.    On December 1, 1988, defendant OHIO NATIONAL issued policy number

16  H6102123, a Disability Income Policy (the "DI Policy") which promised to pay disability

17  benefits in the event the insured became disabled.  Basic monthly disability benefits are now

18  $5,000 per month.

19       6.    On December 1, 1988, defendant OHIO NATIONAL issued policy number

20  H6102124, a Business Overhead Expense Policy (the "BOE Policy") which promised to pay

21  benefits in the event the insured became disabled.  Covered business expenses are now $5,000

22  per month with a maximum total benefit of $60,000.

23       7.    Both the DI Policy and the BOE Policy ("the Policies") were delivered within the

24  jurisdiction of the above-entitled court and required the payment of benefits within the

25  jurisdiction of the above-entitled court for total amount to be shown at the time of trial.

26       8.    MADSEN has paid all premiums due under the Policies at all relevant times and

27  has performed all obligations under the policies on his part to be performed.

28  On October 22, 2007, MADSEN, a periodontal surgeon, became totally disabled due to a

- 2 -

COMPLAINT AND JURY DEMAND

1   traumatic hand laceration and digital nerve injury.  Total disability for an own occupation

2   disability insurance policy in the State of California is defined as "You are totally disabled when

3   you are rendered unable to perform with reasonable continuity the substantial and material acts

4   necessary to pursue your usual occupation in the usual and customary way".

5       9.    MADSEN was and remains unable to perform the substantial and material acts of

6   his own occupation as his completely unable to perform periodontal surgery.  He had been a

7   periodontal surgeon for more than 25 years before he became totally disabled, OHIO

8   NATIONAL paid only partial benefits from November 21 through December 1, 2007.

9       10.   In a letter dated February 21, 2008, OHIO NATIONAL advised MADSEN that

10  disability income benefits were terminated as of December 1, 2007 under both the DI Policy and

11  the BOE Policy despite the fact that MADSEN remains totally disabled.

12      11.   MADSEN continues to remain totally disabled from his own occupation and

13  defendant OHIO NATIONAL has unreasonably refused to pay disability income benefits.

14                          **FIRST CAUSE OF ACTION**

15                             **(Breach of Contract)**

16      **(Against Defendant OHIO NATIONAL LIFE ASSURANCE CORPORATION,**

17                     **and DOES 1 through 5, inclusive)**

18      12.   Plaintiff refers to each and every paragraph of the General Allegations and

19  incorporates those paragraphs as though set forth in full herein.

20      13.   On December 1, 1988, MADSEN and OHIO NATIONAL entered into a written

21  agreement, pursuant to which MADSEN promised to pay premiums and OHIO NATIONAL

22  promised to provide disability insurance coverage and business overhead expense coverage for

23  MADSEN.

24      14.   MADSEN has performed all conditions, covenants and promises required on his

25  part to be performed in accordance with the terms and conditions of the Policies.

26      15.   On October 22, 2007, MADSEN became disabled and submitted a claim to OHIO

27  NATIONAL for disability benefits and business overhead expense benefits under the Policies as

28  a result of MADSEN'S disabling injury.  OHIO NATIONAL paid benefits through December 1,

1    2007.

2        16.    On or about February 21, 2008, defendant OHIO NATIONAL breached the

3    subject insurance contracts by refusing, without just cause, to pay Plaintiff's continuing disability

4    claim.

5        17.    As a direct and proximate result of defendant's breach of the insurance contracts,

6    Plaintiff has suffered contractual damages under the terms and conditions of the Policies, and

7    other incidental and foreseeable out-of-pocket expenses, including attorneys' fees and other costs

8    of suit, all in a sum to be determined at the time of trial.

9

10                        **SECOND CAUSE OF ACTION**

11              **Breach of the Covenant of Good Faith and Fair Dealing**

12      **(Against Defendant OHIO NATIONAL LIFE ASSURANCE CORPORATION**

13                        **and DOES 6 through 10, inclusive)**

14        18.    Plaintiff refers to each and every paragraph of the General Allegations and

15    incorporates those paragraphs as though set forth in full in this cause of action.

16        19.    Defendant OHIO NATIONAL has breached its duty of good faith and fair dealing

17    owed to Plaintiff in the following respects:

18            a.    Unreasonably withholding payments from MADSEN in bad faith knowing

19            his claim for benefits under the Policy to be valid;

20            b.    Unreasonably and in bad faith failing to pay MADSEN disability benefits

21            pursuant to said claim at a time when defendant had insufficient information within

22            their possession to justify said action;

23            c.    Unreasonably and in bad faith misrepresenting to MADSEN pertinent

24            facts and insurance policy provisions relating to the coverage in issue;

25            d.    Failing to reasonably and promptly investigate and process MADSEN'S

26            claim for policy benefits;

27            e.    Not attempting in good faith to effectuate a prompt, fair, and equitable

28            settlement of MADSEN'S claim at a time when liability was reasonably clear;

- 4 -
COMPLAINT AND JURY DEMAND

1        f.    Failing to provide a reasonable explanation of the basis relied upon in the

2        Policies, in relation to the applicable facts, for the denial of MADSEN'S claim for

3        benefits.

4        g.    Plaintiff is informed and believes and thereon alleges that OHIO

5        NATIONAL has breached its duty of good faith and fair dealing owed to Plaintiff by

6        other acts or omissions of which Plaintiff is presently unaware.  Plaintiff will seek

7        leave of this Court to amend this Complaint at such time as Plaintiff discovers the

8        other acts or omissions of said defendant constituting such breach.

9        20.    As a further proximate result of the aforementioned wrongful conduct of

10       Defendant, Plaintiff has suffered, and will continue to suffer in the future, damages under the

11       Policies, plus interest, and other economic and consequential damages, for a total amount to be

12       shown at the time of trial.

13       21.    As an additional result of defendant's repudiation of the contract and wrongful

14       denial of the claim submitted by Plaintiff, Plaintiff has suffered anxiety, worry, mental and

15       emotional distress, and other incidental damages and out-of-pocket expenses, all to his general

16       damage in a sum to be determined at the time of trial.

17       22.    As a further proximate result of the aforementioned wrongful business practices

18       and conduct of OHIO NATIONAL, Plaintiff was compelled to retain legal counsel to obtain the

19       benefits due under the Policies. Therefore, OHIO NATIONAL is liable to Plaintiff for those

20       attorneys' fees and costs incurred by Plaintiff in order to obtain the benefits due under the

21       Policies in a sum to be determined at the time of trial.

22       23.    Defendant's business practices and conduct described herein was intended by

23       Defendant to cause injury to Plaintiff or was despicable conduct carried on by the Defendant

24       with a willful and conscious disregard of the rights of Plaintiff, subjecting Plaintiff to cruel and

25       unjust hardship in conscious disregard of Plaintiff's rights, and was an intentional

26       misrepresentation, deceit, or concealment of a material fact known to Defendant with the intent

27       to deprive Plaintiff of property, legal rights, or to otherwise cause injury, such as to constitute

28       malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Plaintiff to

1    punitive damages in an amount appropriate to punish or set an example of Defendant.

2         24.    Defendant's conduct described herein was undertaken by the corporate

3    defendant's officers or managing agents, identified herein as DOES 1 through 10, who were

4    responsible for supervision, communications and/or decisions. The aforedescribed conduct of

5    said managing agents and individuals was therefore undertaken on behalf of the corporate

6    defendant. Said corporate defendant further had advance knowledge of the actions and conduct

7    of said individuals whose actions and conduct were ratified, authorized, and approved by other

8    managing agents whose precise identities are unknown to Plaintiff at this time and are therefore

9    identified and designated herein as DOES 1 through 10.

10

11                                    **PRAYER**

12         WHEREFORE, Plaintiff, LARRY F. MADSEN, DDS, prays for judgment against

13   Defendant OHIO NATIONAL LIFE ASSURANCE CORPORATION and DOES 1 through 10,

14   inclusive, as follows:

15         1.    Damages for failure to provide benefits under the Policies, plus interest, including

16   pre-judgment interest, and other economic and consequential damages, in a sum to be

17   determined at the time of trial;

18         2.    General damages for present value of future disability and business expense

19   overhead policy benefits in an amount to be determined according to proof at the time of trial;

20         3.    General damages for mental and emotional distress and other incidental damages

21   in a sum to be determined at the time of trial;

22         4.    Punitive and exemplary damages in an amount appropriate to punish or set an

23   example of Defendant (Second Cause of Action only);

24         5.    For attorneys' fees and costs of litigation incurred by Plaintiff to obtain the

25   Policies' benefits in an amount to be determined at the time of trial (Second Cause of Action

26   only);

27         6.    For costs of suit incurred herein; and,

28

---

COMPLAINT AND JURY DEMAND

1       7.    For such other and further relief as the Court deems just and proper.

2

3

4    DATED:    June 6, 2008                    DONAHUE & HORROW LLP

5

6

7                                            MICHAEL B. HORROW
                                            Attorneys for Plaintiff

8

9                                    **JURY DEMAND**

10

11    Plaintiff, LARRY F. MADSEN, DDS, hereby demands a jury trial in this action.

12

13    DATED:    June 6, 2008                    DONAHUE & HORROW LLP

14

15                                            MICHAEL B. HORROW
                                            Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT AND JURY DEMAND



THE BAR ASSOCIATION OF SAN FRANCISCO

PROCEDURES, FORMS, MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS:

# www.sfbar.org/mediation

QUESTIONS?

adr@sfbar.org or 415-982-1600

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Fee Disputes
Financial
Gay/Lesbian/Bisexual/Transgender Issues
Government
Insurance
Intellectual Property
Intra-Organizational
Labor
Landlord/Tenant
Land Use
Malpractice
Legal-Medical-Professional
Partnership Dissolutions
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
Women's Issues
And more...

## What is BASF's Mediation Service?

Mediation is a voluntary, private dispute resolution process in which a trained mediator assists the parties in reaching an outcome that is mutually agreeable.

Mediation Services was established by The Bar Association of San Francisco (BASF) with extensive input from experienced mediators, litigators and judges. This traditional mediation service is an approved alternative to court ordered Arbitration or Early Settlement.

## How Does it Work?

BASF's Mediation Services works quickly, matching a qualified mediator to a case within days. The assignment process is flexible; experienced BASF staff can suggest a mediator, or you can request three biographies to choose from, or request a particular mediator from our Web site.



## How Much Does the Service Cost?

Mediators generously provide one hour of preparation and two hours of session time free of charge as a service to BASF and the community. To qualify for the pro-bono hours, parties must file the Consent to Mediate form with BASF. Hourly fees beyond the three hours vary depending on the mediator selected. BASF charges a small administrative fee, which pays for the costs of running the program.

## When Can I Use the Service?

The service can be utilized in any case whether or not the dispute has been filed in a court. If a legal action is already underway, it can be used any time during the litigation process and is not limited to San Francisco litigants.

## Who Are the Mediators?

Experienced mediation professionals are available to assist in most areas of dispute, ranging from multi-party commercial matters to individuals in conflict. Each has been pre-approved pursuant to strict educational and experience requirements. In fact, our mediators average 15 years of mediation experience and 125 hours of formal mediation training.

## More Information

Our Web site - www.sfbar.org/mediation - provides photographs, short biographies and hourly rates of our mediators. You can search by name or by area of law.

If you don't see the area you need in our 30+ panels, just contact us at adr@sfbar.org; it is very likely we can match your need with one of our panelists.

**WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG • 415.982.1600**

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint. (CRC 3.221(c))



**Superior Court of California
County of San Francisco**

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1) Judicial Arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

# MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts.   Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

### Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at **www.sfbar.org/mediation** or you may call BASF at 415-982-1600.

### Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $800 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If the Court assigns a matter to the ESP, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

## Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| **Plaintiff**<br><br>v.<br><br>**Defendant** | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE<br>DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐   **Private Mediation**    ☐   **Mediation Services of BASF**    ☐   **Judicial Mediation**
☐   **Binding arbitration**                               Judge _____
☐   **Non-binding judicial arbitration**                 Judge _____
☐   **BASF Early Settlement Program**
☐   **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant | ☐ Cross-defendant | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant | ☐ Cross-defendant | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant | ☐ Cross-defendant | Dated: _____ |

☐   *Additional signature(s) attached*

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|

TELEPHONE NO.:                     FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** <br> (Check one): ☐ **UNLIMITED CASE** ☐ **LIMITED CASE** <br> (Amount demanded (Amount demanded is $25,000 <br> exceeds $25,000) or less) | CASE NUMBER: |
|---|---|

| A **CASE MANAGEMENT CONFERENCE** is scheduled as follows: |
|---|
| Date:          Time:          Dept.:          Div.:          Room: |
| Address of court *(if different from the address above)*: |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
       (1) ☐ have not been served *(specify names and explain why not)*:
       (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
       (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint   *(describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4

Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request  ☐ a jury trial  ☐ a nonjury trial  *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐ days *(specify number):*
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☐ by the attorney or party listed in the caption  ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10.  **Alternative Dispute Resolution (ADR)**
a.  Counsel  ☐ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐ The case has gone to an ADR process *(indicate status):*

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.  The party or parties are willing to participate in *(check all that apply):*
    (1) ☐ Mediation
    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
    (4) ☐ Binding judicial arbitration
    (5) ☐ Binding private arbitration
    (6) ☐ Neutral case evaluation
    (7) ☐ Other *(specify):*

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status:
☐ Bankruptcy ☐ Other *(specify):*
Status:

**14. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 14a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☐ The following discovery will be completed by the date specified (*describe all anticipated discovery*):

| Party | Description | Date |
|---|---|---|

    c. ☐ The following discovery issues are anticipated (*specify*):

**18. Economic Litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (*if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case*):

**19. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference (*specify*):

**20. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (*if not, explain*):

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (*specify*):

**21. Case management orders**

    Previous case management orders in this case are (*check one*):    ☐ none   ☐ attached as Attachment 21.

**22.** Total number of pages attached (*if any*): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

▶

_____       _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY)

▶

_____       _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY)

                                           ☐ Additional signatures are attached



## Superior Court of California
### County of San Francisco

**HON. DAVID BALLATI**
**PRESIDING JUDGE**

## Judicial Mediation Program

**JENIFFER B. ALCANTARA**
**ADR PROGRAM ADMINISTRATOR**

    The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy.  Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation.  Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended.  This program may also be utilized at anytime throughout the litigation process.  The panel of judges currently participating in the program includes:

| | |
|---|---|
| The Honorable David J. Ballati | The Honorable James J. McBride |
| The Honorable Anne Bouliane | The Honorable Kevin M. McCarthy |
| The Honorable Ellen Chaitin | The Honorable John E. Munter |
| The Honorable Robert L. Dondero | The Honorable Ronald Quidachay |
| The Honorable Ernest H. Goldsmith | The Honorable A. James Robertson, II |
| The Honorable Harold E. Kahn | The Honorable John K. Stewart |
| The Honorable Patrick J. Mahoney | The Honorable Mary E. Wiss |
| The Honorable Tomar Mason | |

    Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212.  A preference for a specific judge may be indicated.  The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited.  Submission of a stipulation to judicial mediation does not guarantee inclusion in the program.  You will receive written notification from the court as to the outcome of your application.

**Superior Court Alternative Dispute Resolution**
400 McAllister Street, Room 103, San Francisco, CA  94102
(415) 551-3876

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 1999 Harrison Street, Suite 2400, Oakland, CA 94612-3572. On July 14, 2008, I served the following document(s) by the method indicated below:

## NOTICE OF REMOVAL

☐ by transmitting via facsimile on this date from fax number +1 510 273 8832 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

Michael B. Horrow
Donahue & Horrow
222 North Sepulveda Blvd, 20th Floor
El Segundo, CA 90245
Tele: 310-335-2006
Fax: 310-335-2001
E-mail: mharrow@donahueharrow.com
Attorney for Plaintiff, Larry F. Madsen, DDS

DOCSOAK-9911902.1-LOLIVER 7/14/08 9:22 AM

1    I declare under penalty of perjury under the laws of the United States that the above is

2  true and correct.  Executed on July 14, 2008, at Oakland, California.

3

4                                                     Shannon Wurth

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSOAK-9911902.1-LOLIVER  7/14/08 9:22 AM

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Larry F. Madsen, DDS

## DEFENDANTS
Ohio National Life Assurance Corporation

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

San Francisco, CA

County of Residence of First Listed Defendant  Hamilton County,Ohio
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael B. Horrow
Donahue & Horrow LLP
222 Noth Sepulveda Blvd, 20th Floor
El Segundo, CA  90245
310-335-2006

Attorneys (If Known)
Linda B. Oliver  SBN:  166720
Reed Smith LLP
1999 Harrison Street, Suite 2400
Oakland, CA  94612
510-763-2000

## II. BASIS OF JURISDICTION   (Place an "X" in Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [X] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury— Product Liability | [ ] 625 Drug Related Seizure of Property 2 1 USC 88 1 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | **IMMIGRATION** | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 462 Naturalization Application | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & other | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1332, 1441 and 1446
Brief description of cause:
Plaintiff claims to be entitled to long term disability benefits.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23
DEMAND $ 0.00
CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE

SIGNATURE OF ATTORNEY OF RECORD

NDC-JS44

JS 44 Reverse (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    **(a)   Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)   County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)   Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.   **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded &om Appellate Court. (3) Check this box for cases remanded to the district court for hrther action. Use the date of remand as the lilitlg date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal tiom a magistrate judge's decision.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**                    Example:          U.S. Civil Statute: <u>47 USC 553</u>
                                                              Brief Description: <u>Unauthorized reception of cable service</u>

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. 111 this space enter the dollar amount (in thousands ofdollars) being demanded or indicate other demand sucli as a preliminary injunclion.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.