Robert D. Phillips, Jr. (SBN 82639)
Email: rphillips@reedsmith.com
Joy L. Durand (SBN 245413)
Email: jdurand@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:    415 543 8700
Facsimile:    415 391 8269

Linda B. Oliver (SBN 166720)
Email: loliver@reedsmith.com
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

Mailing Address:
P.O. Box 2084
Oakland, CA 94604-2084

Telephone:    510 763 2000
Facsimile:    510 273 8832

Attorneys for Defendant
Ohio National Life Assurance Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY F. MADSEN, DDS,<br><br>        Plaintiff,<br><br>vs.<br><br>OHIO NATIONAL LIFE ASSURANCE CORPORATION, and DOES 1 through 10, inclusive,<br><br>        Defendants. | No.: C 08-03379 CRB<br><br>**ANSWER TO COMPLAINT** |

Defendant Ohio National Life Assurance Corporation ("Ohio National") hereby answers the Complaint of plaintiff Larry F. Madsen, D.D.S. ("plaintiff"), by admitting, denying and alleging as follows:

## ANSWER TO GENERAL ALLEGATIONS

1. Answering paragraph 1 of the Complaint, defendant admits that plaintiff was at all times relevant herein, a citizen and resident of the County of San Francisco, California.

2. Answering paragraph 2 of the Complaint, defendant admits that it is a corporation duly organized and existing under the laws of the State of Ohio and is authorized to do business in the State of California.

3. Answering paragraph 3 of the Complaint, defendant lacks sufficient information about the matters alleged for an answer to be made and, upon that ground, denies each and every allegation set forth in this paragraph.

4. Defendant denies each and every allegation set forth in paragraph 4 of the Complaint.

5. Answering paragraph 5 of the Complaint, defendant admits that it issued policy number H6102123, a Disability Income Policy ("the DI Policy"), on or about December 1, 1988, which provided benefits according to its terms and conditions. Except as expressly admitted, defendant denies the remaining allegations set forth in this paragraph.

6. Answering paragraph 6 of the Complaint, defendant admits that it issued policy number H6102124, a Business Overhead Expense Policy ("the BOE Policy"), which provided benefits according to its terms and conditions. Except as expressly admitted, defendant denies the remaining allegations set forth in this paragraph.

7. Answering paragraph 7 of the Complaint, defendant admits that the DI Policy and the BOE Policy were delivered to plaintiff. Except as expressly admitted, defendant denies the remaining allegations set forth in this paragraph.

8. Answering paragraph 8 of the Complaint, defendant admits that plaintiff has paid all premiums due under the DI Policy and the BOE Policy. Except as expressly admitted, defendant denies the remaining allegations set forth in this paragraph.

9. Answering paragraph 9 of the Complaint, defendant admits that it paid partial

benefits to plaintiff for the period between November 21, 2007 through December 1, 2007 pursuant to the terms and conditions of the BOE Policy. Except as expressly admitted, defendant denies the remaining allegations set forth in this paragraph.

10. Answering paragraph 10 of the Complaint, defendant admits that it informed plaintiff in a letter dated February 21, 2008 that benefits were terminated as of December 1, 2007 under the DI Policy and the BOE Policy. Except as expressly admitted, defendant denies the remaining allegations set forth in this paragraph.

11. Defendant denies each and every allegation set forth in paragraph 11 of the Complaint.

## ANSWER TO FIRST CLAIM FOR RELIEF

### (Breach of Contract)

12. Answering paragraph 12 of the Complaint, defendant incorporates by reference its answer to the allegations set forth in paragraphs 1 through 11 of the Complaint.

13. Answering paragraph 13 of the Complaint, defendant admits that the DI Policy and the BOE Policy became effective on or about December 1, 1988. Except as expressly admitted, defendant denies the remaining allegations set forth in this paragraph.

14. Answering paragraph 14 of the Complaint, defendant admits that plaintiff has paid all premiums due under the DI Policy and the BOE Policy. Except as expressly admitted, defendant denies the remaining allegations set forth in this paragraph.

15. Answering paragraph 15 of the Complaint, defendant admits that plaintiff became partially disabled on or about October 22, 2007, that he thereafter submitted claims for benefits under the BOE Policy and the DI Policy, and that defendant paid partial disability benefits for the period November 22, 2007 through December 1, 2007 under the BOE Policy. Except as expressly admitted, defendant denies the remaining allegations set forth in this paragraph.

16. Defendant denies each and every allegation set forth in paragraphs 16 and 17 of the Complaint.

/ / /

/ / /

## ANSWER TO SECOND CLAIM FOR RELIEF

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

17. Answering paragraph 18 of the Complaint, defendant incorporates by reference its answer to the allegations set forth in paragraphs 1 through 11 of the Complaint.

18. Defendant denies each and every allegation set forth in paragraphs 19, 19(a), 19(b), 19(c), 19(d), 19(e), 19(f), 19(g), 20, 21, 22, 23 and 24 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

19. The Complaint and each purported claim for relief therein fail to state facts sufficient to constitute any claim for relief against defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

20. Defendant is informed and believes, and on that basis alleges, that plaintiff failed and neglected to use reasonable care to protect himself and to minimize the losses and damages complained of, if any there were.

### THIRD AFFIRMATIVE DEFENSE

### (Lack of Ripeness)

21. Plaintiff's claims are barred because the controversy is not yet ripe because plaintiff failed to respond to defendant's request for further information.

### FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

22. Defendant is informed and believes, and on that basis alleges, that the Complaint and the purported claims for relief therein are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

### (Failure to Submit Proof of Loss)

23. Plaintiff has failed to submit adequate proof of loss to receive benefits as required by the DI Policy and/or the BOE Policy.

### SIXTH AFFIRMATIVE DEFENSE

**(Claims Barred by Contract)**

24. Plaintiff's claims are barred by the terms, exclusions, limitations and conditions of the DI Policy and the BOE Policy.

### SEVENTH AFFIRMATIVE DEFENSE

**(Genuine Dispute)**

25. Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is barred because there exists a genuine issue of law or fact which precludes a finding that defendant acted unreasonably given the circumstances.

### EIGHTH AFFIRMATIVE DEFENSE

**(Privilege)**

26. Each and every action or statement made by defendant, to or with reference to plaintiff, was a good faith assertion of its rights and therefore was privileged.

### NINTH AFFIRMATIVE DEFENSE

**(Privilege)**

27. Each and every action or statement made by defendant, to or with reference to plaintiff, was conditionally privileged under California Civil Code section 47(c) because they were made without malice.

### TENTH AFFIRMATIVE DEFENSE

**(Plaintiff's Comparative Fault)**

28. Some or all of plaintiff's claims are barred because plaintiff failed to exercise ordinary care on his own behalf, which negligence and carelessness was a proximate cause of some portion, up to and including the whole thereof, of injuries and damages complained of in this action and plaintiff's recovery, if any, is barred or reduced according to the principles of comparative fault.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Intervening Cause)**

29. Defendant denies that plaintiff has sustained any injury, damage or loss by any reason of any act, error or omission on the part of defendant. If, however, it is established that plaintiff has

suffered any injury, damage or loss, and that defendant is liable in any amount or at all to plaintiff, which defendant denies, any such injury, damage of which plaintiff complains were proximately caused or contributed to by the acts of other persons and/or entities. These acts were an intervening, supervening and superseding cause of the damages, if any, of which plaintiff alleges he suffered, thereby barring plaintiff from any recovery against defendant.

## TWELFTH AFFIRMATIVE DEFENSE

**(Comparative Fault of Others)**

30. Defendant denies that plaintiff has sustained any injury, damage or loss by any reason of any act, error or omission on the part of defendant. If, however, it is established that plaintiff has suffered any injury, damage or loss, and that defendant is liable in any amount or at all to plaintiff, which defendant denies, any such injury, damage, or loss, if any, was proximately caused or contributed to by the fault and other improper acts on the part of plaintiff and others named or not named in the Complaint, and the amount of such injury, damage or loss, if any, must be apportioned according to the respective fault of the parties, person and entities, or their agents and employees who contributed to and/or caused such injury, damage or loss.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Failure to State a Claim for Punitive Damages)**

31. The Complaint and each purported claim for relief therein fail to state a claim for punitive or exemplary damages against defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Statutory Invalidity)**

32. California Civil Code section 3294, under which plaintiff's claim for punitive damages is apparently made, is invalid on its face or as applied to defendant pursuant to Article I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Article I, Sections 7, 9, 15 and 17, and Article IV, Section 16 of the California Constitution.

/ / /

/ / /

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Equal Protection)

33. The provisions of California law limiting the amount of punitive damages which may be awarded in specified types of cases while allowing unlimited punitive damages for other tortious conduct constitutes impermissible discrimination against those subject to unlimited punitive damage awards, such as defendants, and in favor of those defendants not subject to unlimited punitive damage awards, in violation of Article IV, Section 2, and the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 7, and Article IV, Section 16 of the California Constitution.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

34. The application of California law regarding punitive or exemplary damages to defendant in this case is impermissibly vague, imprecise and inconsistent, in violation of the rights of defendant guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7, of the California Constitution.

### OTHER DEFENSES

35. Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant expressly reserves the right to assert additional affirmative defenses in the event that discovery indicates that such defenses are appropriate.

///
///
///

WHEREFORE, defendant Ohio National Life Assurance Corporation prays for judgment as follows:

1. That plaintiff take nothing by reason of his Complaint on file herein;

2. For costs of suit incurred herein; and

3. For such other and further relief as the Court may deem just and proper.

DATED: July 18, 2008.

REED SMITH LLP

By //s// Linda B. Oliver
 Linda B. Oliver
 Attorney for Defendant
 Ohio National Life Assurance Corporation